■ In the Matter of THOMAS O'REILLY, JR., Respondent, v LAWRENCE NEDELKA, as Commissioner of the Department of Finance of the Town of North Hempstead, et al., Appellants. [622 NYS2d 793] —In a proceeding pursuant to CPLR article 78,

*inter alia,* to review a determination of the Commissioner of the Department of Finance, Town of North Hempstead, dated September 11, 1992, separating the petitioner from his employment in the position of Security Officer I in the Department of Parks and Recreation of the Town of North Hempstead, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Nassau County (Roberto, J.), entered April 13, 1993, as annulled the determination and reinstated the petitioner with back pay.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"It is well settled that a public employer may abolish civil service positions for the purposes of economy or efficiency" *(Matter of O'Donnell v Kirby,* 112 AD2d 936; *see, Matter of Aldazabal v Carey,* 44 NY2d 787). However, the record in this case fails to support the appellants' contention that the petitioner's position was in fact abolished. Rather, the evidence before us, including the letter of notification sent to the petitioner, clearly demonstrates that the petitioner was separated or dismissed from service due to purported delays in the receipt of funds from the County, but fails to establish that his position was abolished. Under these circumstances, the petitioner could not be removed from his position without being afforded a hearing pursuant to Civil Service Law § 75.

The petitioner's present requests for additional relief are not properly before us, inasmuch as he did not cross-appeal from any portion of the judgment. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.