■ JAMES F. FLYNN, Appellant, v JACQUELINE G. FLYNN, Respondent. [664 NYS2d 966] —Judgment unanimously affirmed with costs. Memorandum: In this matrimonial action, plaintiff appeals from so much of a judgment as awarded defendant a distributive award of $18,000, representing her marital share of a restaurant property owned by plaintiff, and awarded defendant future maintenance of $120 per week for four years commencing with service of the judgment. Plaintiff contends that Supreme Court erred in awarding defendant a share of a now defunct restaurant business and that he is entitled to a credit against his future permanent maintenance obligation for his past payments of temporary maintenance. Although defendant asks that we make the maintenance obligation "nondurational", defendant did not cross-appeal and therefore is precluded from obtaining affirmative relief.

The distributive award is proper. Although the restaurant business is defunct, the record establishes that the parties purchased the business along with the real and personal property for $65,000 just prior to the marriage while they were living together and pooling their finances. The purchase was financed with $10,000 obtained by refinancing the mortgage on

their residence, with $10,000 borrowed from Key Bank, and with a $45,000 mortgage given to the sellers. The closing costs, as well as payment for the restaurant inventory, a total of about $3,000, were paid from the parties' joint checking account. Both parties devoted time to operating the restaurant, but defendant worked there full time, essentially managing the business. The parties made numerous permanent improvements to the building, which were arranged for and supervised by defendant. Additionally, they repaid the $10,000 Key Bank loan, repaid $15,000 to the sellers, and made regular payments on the mortgage on their residence. Those improvements and loan payments were made with income from the restaurant business, from which defendant took no salary. The record establishes that, after the parties closed the restaurant, plaintiff continued to maintain title to the premises and equipment, leasing them to another party for use as a restaurant. By plaintiff's admission, the restaurant property is now worth $91,000, while the debt has been reduced to $31,000.

The court properly awarded title to the property to plaintiff and properly awarded defendant a distributive award of $18,000 as her share of the equity in that property. Under the circumstances, the entire appreciated value of the property is a marital asset.

Plaintiff is not entitled to a credit for past payments of temporary maintenance. Although the court erred in failing to make permanent maintenance retroactive to the date of defendant's application for maintenance (*see*, Domestic Relations Law § 236 [B] [6] [a]), plaintiff is not aggrieved by that failure. The judgment directs plaintiff to pay future maintenance only, commencing with service of the judgment; therefore, plaintiff is not entitled to a credit for past payments of temporary maintenance. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Divorce.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.