JOSEPH SEXTON, Respondent, v CINCINNATI INCORPORATED, Also Known as CINCINNATI, INC., et al., Defendants.

NAMCO CONTROLS CORP. et al., Third-Party Plaintiffs-Respondents, v PHOENIX METAL FABRICATING, INC., Third-Party Defendant-Appellant. ROCKFORD SYSTEMS, INC., Third-Party Plaintiff-Respondent, v PHOENIX METAL FABRICATING, INC., Third-Party Defendant-Appellant. CINCINNATI INCORPORATED, Also Known as CINCINNATI, INC., Third-Party Plaintiff-Respondent, v PHOENIX METAL FABRICATING, INC., Third-Party Defendant-Appellant. (Action No. 1.) JOSEPH SEXTON, Respondent, v NI JEF ELECTRIC INCORPORATED, Defendant and Third-Party Plaintiff-Respondent, and PHOENIX METAL FABRICATING, INC., Third-Party Defendant-Appellant. (Action No. 2.) [769 NYS2d 773]—

Appeal from that part of an order of Supreme Court, Chautauqua County (Gerace, J.), entered February 3, 2003, that denied the motion of third-party defendant seeking summary judgment dismissing the third-party complaints.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of third-party defendant, Phoenix Metal Fabricating, Inc. (Phoenix), seeking summary judgment dismissing the third-party complaints. Plaintiff commenced these actions to recover damages for injuries he sustained during the course of his employment with Phoenix when his hands were crushed by a 90-ton press brake machine, and defendants commenced the third-party actions at issue herein. In support of its motion, Phoenix contended that, as a matter of law, plaintiff did not sustain a grave injury within the meaning of Workers' Compensation Law § 11 (*see Castro v United Container Mach. Group*, 96 NY2d 398 [2001]). Even assuming, arguendo, that Phoenix met its initial burden, we conclude that defendants-third-party plaintiffs raised an issue of fact whether plaintiff sustained a loss of use of his hands that is "permanent and total" and thus whether he sustained a grave injury within the meaning of the statute (Workers' Compensation Law § 11; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). They submitted

the affidavit of their medical expert, who determined that plaintiff has not retained even minimal use of his hands (*cf. Trimble v Hawker Dayton Corp.*, 307 AD2d 452 [2003]). Although Phoenix presented evidence that plaintiff is able to perform certain limited activities with his hands, the medical expert for defendants-third-party plaintiffs stated in his affidavit that plaintiff actually performs those activities with his arms, using the adaptive techniques of an amputee. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.