■ Joseph Kraker et al., Plaintiffs, v Consolidated Edison Co., Inc., Defendant, and Con Edison Company of New York, Inc., Defendant and Third-Party Plaintiff-Respondent. Welsbach Electric Corp., Third-Party Defendant-Appellant, et al., Third-Party Defendants. [806 NYS2d 651]—

In an action to recover damages for personal injuries, etc., the third-party defendant, Welsbach Electric Corp. appeals from (1) an order of the Supreme Court, Queens County (Flug, J.), dated August 12, 2004, which denied its motion for summary judgment dismissing the third-party complaint, and (2) an order of the same court dated December 6, 2004, which, in effect, denied its motion for leave to renew and reargue its prior motion for summary judgment.

Ordered that the appeal from so much of the order dated

December 6, 2004, as denied that branch of the appellant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 6, 2004, is reversed insofar as reviewed, on the law, that branch of the motion which was for leave to renew is granted, upon renewal, the appellant's motion for summary judgment is granted, the third-party complaint is dismissed, and the order dated August 12, 2004, is vacated; and it is further,

Ordered that the appeal from the order dated August 12, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the respondent, Con Edison Company of New York, Inc.

Joseph Kraker injured his right hand and arm when he came into contact with high-voltage transmission lines while repairing a street light on a utility pole in Queens. At the time of the accident, the injured plaintiff was employed by the appellant, Welsbach Electric Corp. (hereinafter Welsbach). The injured plaintiff and his wife commenced the underlying action against, among others, Consolidated Edison Co., Inc., and Con Edison Company of New York, Inc. (hereinafter Con Edison), and Con Edison commenced this third-party action for contribution and common-law indemnification against Welsbach.

Welsbach moved to dismiss the third-party complaint on the ground that the injured plaintiff's injury did not qualify as a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Blackburn v Wysong & Miles Co.*, 11 AD3d 421, 422 [2004]). Grave injury is defined in pertinent part as permanent and total loss of use or amputation of an arm or hand, loss of multiple fingers, or loss of an index finger (*see* Workers' Compensation Law § 11). Partial loss is insufficient (*see Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 416 [2004]; *Castro v United Container Mach. Group*, 96 NY2d 398 [2001]; *Blackburn v Wysong & Miles Co., supra*).

It is clear from the record that the injured plaintiff did not sustain the loss of any fingers but did sustain a substantial loss of use of his right hand. The issue before the Supreme Court and this Court is whether there is an issue of fact as to whether he sustained the total loss of use of his right hand which would satisfy the definition of grave injury pursuant to Workers' Compensation Law § 11. In the order appealed from dated August 12, 2004, the Supreme Court determined that the evidence indicated that the injured plaintiff could not "effectively use" his right hand.

Thereafter, the appellant moved, inter alia, for leave to renew, and submitted new deposition testimony provided by the injured plaintiff on September 20, 2004. In his deposition dated September 20, 2004, the injured plaintiff testified he could type with his right hand one key at a time, could brush his hair with his right hand, and could carry his shoes in his right hand. This new information established, as a matter of law, that the injured plaintiff did not sustain a total loss of the use of his right hand and accordingly, did not sustain a grave injury. Since this new information could not have been provided at the time the original motion for summary judgment was made, renewal should have been granted and, upon renewal, the order dated August 12, 2004, should have been vacated, and the appellant's motion for summary judgment dismissing the third-party complaint granted.

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.