■ GERALD PRESLER et al., Appellants, v COMPSON TENNIS CLUB ASSOCIATES et al., Respondents. [815 NYS2d 367]—

Appeal from a judgment of the Supreme Court, Livingston County (Raymond E. Cornelius, J.), entered November 10, 2004 in a personal injury action. The judgment, insofar as appealed from, granted defendants' motion in limine seeking to preclude plaintiffs from presenting the opinion of their expert with respect to plaintiffs' claim for damages for future loss of household services.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and a new trial is granted on damages for future loss of household services only.

Memorandum: Plaintiffs commenced this action seeking damages for, inter alia, injuries sustained by Gerald Presler (plaintiff), a construction carpenter, when he fell from the roof of a building. Plaintiffs were granted judgment on liability under Labor Law § 240 (1), and a trial on damages was thereafter conducted, resulting in an award of damages of approximately $1.2 million. Plaintiffs contend on appeal that Supreme Court erred in granting defendants' motion in limine seeking to preclude plaintiffs from presenting the opinion of their expert with respect to their claim for damages for future loss of household services provided by plaintiff and in refusing to submit that claim to the jury. We agree.

At trial, plaintiffs presented evidence concerning the household services provided by plaintiff before the accident, including a total remodeling of plaintiffs' house, which was built in the 1800's, and the routine care and maintenance of plaintiffs' vehicles, lawn and property. Plaintiff testified that he had spent 15 to 20 hours per week completing those services. In an offer of proof at trial outside the presence of the jury, plaintiffs' expert testified that, inter alia, the value of the loss of plaintiff's household services was $3,773 per year, until plaintiff reached the age of 70. We note that plaintiffs did not seek an award of damages for loss of household services from the date of the ac-

cident to the date of the trial, but sought only an award for future loss of household services.

In granting defendants' motion in limine and refusing to submit a claim for future loss of household services to the jury, the court determined that the amount required to purchase those services in the future was "too speculative." That was error. "[A]n award of damages to a person injured [as the result of the conduct] of another is to compensate the victim, not to punish the wrongdoer . . . [and t]he goal is to restore the injured party, to the extent possible, to the position that would have been occupied had the wrong not occurred" (*McDougald v Garber*, 73 NY2d 246, 253-254 [1989]). "[A]n injured plaintiff's loss of household services [is considered] a quantitative economic loss separate and apart from pain and suffering" (*Cramer v Kuhns*, 213 AD2d 131, 139 [1995]). "[F]uture damages for loss of household services should be awarded only for those services which are reasonably certain to be incurred and necessitated by plaintiff's injuries" (*Schultz v Harrison Radiator Div. Gen. Motors Corp.*, 90 NY2d 311, 320-321 [1997]). However, the calculation of those damages "does not require absolute certainty . . . . The law . . . requires only that [they] be capable of measurement based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]).

Here, plaintiffs provided detailed testimony concerning the type and extent of household services provided by plaintiff before his accident and, in their offer of proof, presented expert testimony concerning the extent of the loss of household services and the value thereof. We thus conclude that the court erred in granting defendants' motion in limine and in refusing to instruct the jury "that future damages for loss of household services should be awarded . . . for those services which are reasonably certain to be incurred and necessitated by plaintiff's injuries" (*Schultz*, 90 NY2d at 320-321). Present—Pigott, Jr., P.J., Gorski, Smith, Green and Hayes, JJ.