■ MARLY MILLARD, Respondent, v ALLIANCE LAUNDRY SYSTEMS, LLC, et al., Defendants. USA CLEAN, Improperly Sued as USA CLEAN, Formerly Known as FRONTIER SUPPLY & EQUIPMENT, Third-Party Plaintiff-Respondent, v TRAMZ HOTELS, INC., Doing Business as HOLIDAY INN, Third-Party Defendant-Appellant, et al., Third-Party Defendant. ALLIANCE LAUNDRY SYSTEMS, LLC, Third-Party Plaintiff-Respondent, v TRAMZ HOTELS, INC., Doing Business as HOLIDAY INN, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [814 NYS2d 433]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered March 4, 2005 in a personal injury action. The order, insofar as appealed from, denied the motion of third-party defendant Tramz Hotels, Inc., doing business as Holiday Inn, for summary judgment dismissing the third-party complaint of USA Clean, improperly sued as USA Clean, formerly known as Frontier Supply & Equipment, and the amended third-party complaint of Alliance Laundry Systems, LLC and all cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in the course of her employment while operating a clothes dryer manufactured by defendant Alliance Laundry Systems, LLC (Alliance) and sold to her employer by defendant USA Clean, improperly sued as USA Clean, formerly known as Frontier Supply & Equipment. Alliance and USA Clean commenced third-party actions against, inter alia, plaintiff's employer, third-party defendant Tramz Hotels, Inc., doing business as Holiday Inn (Tramz). Alliance and USA Clean alleged in their third-party actions that plaintiff had sustained grave injuries as a result of the negligence of Tramz. In its respective answers to the third-party complaints, Tramz asserted as an affirmative defense that the third-party actions were barred by Workers' Compensation Law § 11 because plaintiff did not sustain a grave injury. Tramz thereafter moved for summary judgment dismissing the third-party complaint of USA Clean and the amended third-party complaint of Alliance and all cross claims against it based on that affirmative defense, and Alliance cross-moved for spoliation sanctions against Tramz. Supreme Court denied the motion and cross motion, and Tramz appeals.

We conclude that Supreme Court properly denied the motion of Tramz because it failed to meet its burden of establishing as

a matter of law that plaintiff did not sustain a grave injury and therefore failed to establish that, as plaintiff's employer, it is not liable under Workers' Compensation Law § 11. Pursuant to that section, an employer will not be liable for contribution or indemnification to a third party for injuries sustained by an employee acting within the scope of his or her employment unless that employee sustained a grave injury. As relevant to this appeal, a grave injury includes the "permanent and total loss of use . . . of an arm . . . [or] hand" (*id.*). The Court of Appeals has held that grave injuries are "narrowly defined" (*Castro v United Container Mach. Group*, 96 NY2d 398, 401 [2001]; *see Meis v ELO Org.*, 97 NY2d 714, 716 [2002]), and, therefore, anything less than a "total" loss of use of an arm or hand will not qualify as a grave injury under the statute (Workers' Compensation Law § 11; *see e.g. Kraker v Consolidated Edison Co., Inc.*, 23 AD3d 531 [2005]; *Aguirre v Castle Am. Constr.*, 307 AD2d 901 [2003], *lv denied* 1 NY3d 501 [2003]; *Trimble v Hawker Dayton Corp.*, 307 AD2d 452, 453 [2003]). Where, however, a plaintiff retains only "passive movement" of the hand or arm, that may qualify as a total loss of use of the hand or arm (*Balaskonis v HRH Constr. Corp.*, 1 AD3d 120, 120 [2003]; *see Sexton v Cincinnati Inc.*, 2 AD3d 1408 [2003]).

Although Tramz submitted evidence that plaintiff retained some ability to move her left arm, Tramz also submitted medical evidence that plaintiff could use her left arm only "as a gross assist by laying it on top of an object to hold it still." Tramz also submitted evidence that plaintiff could not use her left arm or hand "for any grooming, bathing, toileting, feeding, dressing or other activities." Furthermore, plaintiff retained only a "flicker" of flexion and extension in her fingers and less than 10 degrees of extension in her wrist. Based on the evidence submitted by Tramz, we conclude that Tramz raised a triable issue of fact whether plaintiff sustained a grave injury by retaining only "passive movement" in her left arm and hand.

Even assuming, arguendo, that Tramz met its initial burden of establishing that plaintiff did not sustain a grave injury, we would conclude that plaintiff raised a triable issue of fact whether she sustained a total loss of use of her left arm and hand (*see Sexton*, 2 AD3d at 1409-1410; *see also Balaskonis*, 1 AD3d at 120). According to the affirmation of her treating physician, plaintiff has an "inability to use her left arm and hand" and, "for all intents and purposes," she has "no functional use of her left extremity including the arm, wrist and hand." Contrary to the contention of Tramz, the affirmation of plaintiff's treating physician is not conclusory or inadequate. An affirma-

tion of a physician, which has the same force and effect as an affidavit (*see* CPLR 2106), is insufficient to raise a triable issue of fact where it is "conclusory in nature and lacks any details" (*Laribee v City of Rome* [appeal No. 1], 254 AD2d 805, 805 [1998]; *see also Moticik v Sisters Healthcare*, 19 AD3d 1052, 1053 [2005]). Here, however, plaintiff's treating physician sets forth in detail the injuries sustained by plaintiff, the resultant effect on her arm and the complete lack of any functional use of her hand or arm (*cf. Trimble*, 307 AD2d at 453).

The failure of Alliance to cross-appeal from that part of the order denying its cross motion seeking sanctions against Tramz precludes Alliance from obtaining the affirmative relief it seeks (*see Flynn v Flynn*, 244 AD2d 993 [1997]; *Huber v Huber*, 229 AD2d 904, 905 [1996]; *Matter of O'Reilly v Nedelka*, 212 AD2d 714 [1995]; *see generally Hecht v City of New York*, 60 NY2d 57, 61 [1983]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.