◼ Robert Altonen et al., Plaintiffs, v Toyota Motor Credit Corporation et al., Defendants. Toyota Motor Credit Corporation, Third-Party Plaintiff-Appellant, v Port Authority of New York and New Jersey, Third-Party Defendant-Respondent. [820 NYS2d 263]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 10, 2005, which, to the extent appealed from as limited by the briefs, granted the cross motion of third-party defendant Port Authority for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs or disbursements, the cross motion denied and the third-party complaint reinstated.

On or about April 24, 2002, plaintiff Robert Altonen, a toll collector for the Port Authority, allegedly sustained serious personal injuries when, while crossing a street in New Jersey near the Holland Tunnel, he was struck by a motor vehicle operated by defendant Thomas Zhang and owned by codefen-

dant Toyota Motor Credit Corporation. The injured plaintiff and his wife, suing derivatively, commenced this action against Toyota and Zhang alleging negligence in the ownership, operation, maintenance and control of their vehicle. A second action, subsequently commenced against the lessee, Zi S. Zhang, was joined for trial with the instant action. Toyota thereafter commenced a third-party action against the Port Authority, plaintiff's employer, for contribution/indemnity based on negligence and breach of duty.

When Toyota moved for summary judgment dismissing the complaint and all cross claims,* arguing that New Jersey law governed the issue of liability and required dismissal of plaintiff's case, the Port Authority cross-moved for summary judgment dismissing the third-party complaint on the ground that there was no evidence that plaintiff had sustained a grave injury, as required by Workers' Compensation Law § 11. The Port Authority asserted that the record was "bare as to the gravity or lack thereof of plaintiff's injury." In opposition, Toyota submitted plaintiffs' amended verified bill of particulars and deposition testimony to argue that questions of fact existed as to whether grave injury was sustained. The injured plaintiff testified at his deposition that he suffered permanent and total loss of the use of his left foot due to the removal of the peroneal nerve from his leg, which had been crushed, causing a permanent left foot drop and necessitating the wearing of a brace to prevent tripping over his left foot. Plaintiffs also claimed a brain injury resulting in a permanent total disability. Supreme Court denied Toyota's motion and, although providing a lengthy analysis of the choice-of-law issue in so ruling, granted the Port Authority's cross motion with the mere statement that Toyota's third-party action was precluded by section 11 of the Workers' Compensation Law. Toyota pursues only the grant of the cross motion on this appeal. We reverse.

The Port Authority argues that the amended verified bill of particulars and deposition testimony are insufficient to establish by "competent medical evidence," as required by Workers' Compensation Law § 11, that a grave injury was sustained. It is, however, the burden of the party seeking summary judgment to show, by competent admissible evidence, that the plaintiff's injuries were not "grave" (*Fitzpatrick v Chase Manhattan Bank*, 285 AD2d 487 [2001]). Only upon such a showing does the burden shift to the opposing party "to raise a triable issue of

---

* In disposing of the motion, Supreme Court held that New York's Vehicle and Traffic Law applied to the accident on the question of vicarious responsibility.

fact through the submission of 'competent medical evidence' to support its claim of 'grave injury' " (*Harris v Metropolitan Life Ins. Co.*, 183 Misc 2d 431, 433 [2000]; *see also Way v Grantling*, 289 AD2d 790, 793 [2001]). Since the Port Authority has failed to make a prima facie showing that this plaintiff has not suffered a grave injury, it is not entitled to summary judgment. Indeed, its sparse showing is more akin to one made on a CPLR 3211 (a) (7) motion than to that required on a motion for summary judgment.

Thus, the Port Authority's cross motion should have been denied. In view of this determination, we need not reach Toyota's alternative basis for reversal. In any event, we find that its claim that the cross motion was untimely and not properly served is without merit. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.