■ TIMOTHY ALLISON, Respondent, v ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants. (Appeal No. 1.) [829 NYS2d 294]—

Appeal from a judgment of the Supreme Court, Erie County (Peter J. Notaro, J.), entered September 20, 2005 in a personal injury action. The judgment, upon a jury verdict, awarded damages in favor of plaintiff and against defendants.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by setting aside the award of damages for past and future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on those elements of damages only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past pain and suffering to $1 million and for future pain and suffering to $4 million, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs each commenced these respective common-law negligence and Labor Law actions seeking damages for injuries they sustained when the scaffolding on which they were standing collapsed, causing them to fall 15 to 20 feet to the ground. On appeal from judgments rendered after a joint

trial on damages, defendants contend that reversal is required based on allegedly improper comments made by one of the attorneys for plaintiffs during his summation. Defendants failed to preserve that contention for our review (*see Eschberger v Consolidated Rail Corp.*, 174 AD2d 983, 984 [1991], *lv denied* 79 NY2d 752 [1991], *cert denied* 503 US 1011 [1992]) and, in any event, the allegedly improper comments would not warrant reversal because the attorney did not engage in "a pattern of behavior designed to divert the attention of the jurors from the issues at hand" (*Krumpek v Millfeld Trading Co.* [appeal No. 3], 272 AD2d 879, 881 [2000]).

We agree with defendants, however, that the award of damages in appeal No. 1 of $2 million for past pain and suffering and $5 million for future pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Timothy Allison, the plaintiff in appeal No. 1, sustained multiple fractures of his spine, requiring immediate surgery to fuse four of his lower vertebrae. He continues to have back pain, requires the use of a catheter to urinate, is unable to defecate in a normal manner, and experiences sexual dysfunction. In our view, an award of damages of $1 million for Allison's past pain and suffering and $4 million for Allison's future pain and suffering is the maximum amount the jury could have found as a matter of law (*see Hopper v Regional Scaffolding & Hoisting Co., Inc.*, 21 AD3d 262 [2005], *lv dismissed* 6 NY3d 806 [2006]; *Young v Tops Mkts.* [appeal No. 4], 283 AD2d 923, 924-925 [2001]; *Lind v City of New York*, 270 AD2d 315 [2000]). Thus, we modify the judgment in appeal No. 1 accordingly, and we grant a new trial on damages for past and future pain and suffering only unless Allison, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past pain and suffering to $1 million and for future pain and suffering to $4 million, in which event the judgment is modified accordingly. Contrary to defendants' further contention, the award to Allison for future medical expenses is supported by the evidence and does not deviate materially from what would be reasonable compensation (*see Zukowski v Gokhberg*, 31 AD3d 633 [2006]), and the award for future loss of household services also is supported by the evidence (*see generally Presler v Compson Tennis Club Assoc.*, 27 AD3d 1096, 1097 [2006]).

We further agree with defendants that the award of damages in appeal No. 2 of $1.75 million for future pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Jeffrey Rutherford, the plaintiff in ap-

peal No. 2, fractured his right elbow and dislocated his right wrist joint, requiring four surgeries. In addition, he injured his left ankle, which also required surgery. Rutherford has a loss of range of motion in his right elbow and wrist, and he has pain in his right arm and his left ankle. In our view, an award of damages of $1 million for Rutherford's future pain and suffering is the maximum amount the jury could have found as a matter of law (*see Baez v New York City Tr. Auth.*, 15 AD3d 309, 309-310 [2005]; *Patterson v Kummer Dev. Corp.*, 302 AD2d 873, 874 [2003]; *Starr v Cambridge Green Homeowners Assn.*, 300 AD2d 779, 781 [2002]). We further agree with defendants that the award of damages of $530,000 for future medical expenses is not supported by the evidence and deviates materially from what would be reasonable compensation, and we conclude that the award of damages for future medical expenses should be reduced to $325,000 (*see Benefield v Halmar Corp.*, 25 AD3d 633, 635 [2006]). Thus, we modify the judgment in appeal No. 2 accordingly, and we grant a new trial on damages for future pain and suffering and for future medical expenses only unless Rutherford, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for future pain and suffering to $1 million and for future medical expenses to $325,000, in which event the judgment is modified accordingly. Contrary to defendants' further contentions, the award of damages of $500,000 for Rutherford's past pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]), and Rutherford presented the requisite evidence establishing his loss of earnings with reasonable certainty (*see Patterson*, 302 AD2d at 874-875).

We have considered defendants' remaining contentions and conclude that they are without merit. Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.