■ Sue Hensley, as Parent and Guardian of Maya Hensley-Lapham, an Infant, Respondent-Appellant, v Richard D. Lawrence et al., Apppellants-Respondents. [837 NYS2d 412]—

Crew III, J.P. (1) Appeal from an order of the Supreme Court (Williams, J.), entered October 25, 2005 in Saratoga County, which denied defendants' motion to set aside the verdict, and (2) cross appeals from a judgment of said court, entered January 26, 2006 in Saratoga County, upon a verdict rendered in favor of plaintiffs.

Plaintiff's infant daughter, Maya, was injured when a boat owned by defendant Saratoga County Sheriff's Department collided with the rowing shell in which Maya was rowing. Defendants conceded liability and a trial was held on the issue of damages. At the conclusion thereof, a jury awarded Maya $2 million for past pain and suffering and $1 million for future pain and suffering over the ensuing 10 years. Defendants moved to set the verdict aside, which motion was denied by Supreme Court and defendants appeal that order. Judgment was thereafter entered from which the parties cross appeal.

We start with the well-established proposition that deference is to be accorded to both a jury's assessment of damages and a trial court's refusal to set aside that determination (see *Pinkowski v Fuller*, 5 AD3d 907, 908 [2004]). Only where an award deviates materially from what would be reasonable compensation will a court disturb the verdict, and that determination, in turn, is made by examining comparable cases (see *Apuzzo v Ferguson*, 20 AD3d 647, 648-649 [2005]).

Here, Maya was confined to the hospital for two weeks having suffered, among other things, a lacerated liver, fractured rib, fractured pelvis and a pneumothorax. She was treated with bed rest, undergoing no surgeries. As a result of the fracture of the superior and inferior pubic ramus, a piece of bone was left protruding into Maya's pelvis. There was conflicting testimony as to the effects of this bony spike, but plaintiff's expert opined that Maya will have pain during sexual intercourse, difficulty

with child bearing and could require a cesarean section for delivery.

Following discharge from the hospital, Maya was confined to her home for several weeks before returning to school. Ultimately, Maya resumed her rowing activities, albeit with accompanying pain, and was a member of teams that won three state championships and two national titles. With the exception of the conflicting expert testimony concerning Maya's pelvic injury, Maya was considered to have made a good recovery, although her experts opined that her pain was permanent in nature.*

Before commenting on comparable cases, we note that the jury's verdict provided an award for 10 years of future pain and suffering, from which we can only conclude that plaintiff's claim of permanency regarding Maya's then existing pain and the contemplated pain during sexual activity was rejected by the jury (see Felitti v Daughriety, 12 AD3d 909, 910-911 [2004]). Implicit in the jury's verdict is the conclusion that Maya would be fully recovered and without pain in 10 years.

While there is a paucity of case law mirroring Maya's case, two bear mention. In Lind v City of New York (270 AD2d 315 [2000]), a female plaintiff suffered massive crush injuries to her anal and rectal area, a bilateral pubic bone pelvic fracture, a fractured hip and fractures of several lumbar vertebrae. She was hospitalized for three months, 40 days of which she was in critical condition in the intensive care unit. She required a colostomy for three years and her husband left her during her recovery. A jury awarded her $7.5 million for past pain and suffering and $5 million for future pain and suffering. Upon appeal, the Second Department reduced the awards to $1.5 million and $1.25 million, respectively (id. at 316-317).

This Court has had occasion to deal with a somewhat similar case. In Stedman v Bouillon (234 AD2d 876 [1996]), the plaintiff fell approximately 20 feet from a ladder sustaining, among other things, a fractured pelvis, broken neck and spinal injuries. He was confined to the intensive care unit for over two months and was hospitalized for more than three months. The plaintiff required an external fixation device to aid in healing his pelvic fracture, in addition to a halo vest and the use of a ventilator. He underwent three years of physical therapy and was unable to lift, sit or stand for extended periods of time thereafter. The

---

* Plaintiff's physician stated that Maya will experience pain during intercourse and that there is a 90% chance that child delivery will have to be by cesarean section, whereas defendants' expert opined that Maya should be able to engage in sexual activity without pain and carry a baby to term.

jury awarded plaintiff $175,000 for past pain and suffering and $100,000 for future pain and suffering. We found those awards inadequate and increased them to $1 million and $350,000, respectively (*id.* at 879).

A comparison of the injuries in *Lind* and *Stedman* with the injuries at bar clearly suggests that the verdict here is excessive and deviates materially from what would be considered reasonable compensation. Accordingly, we will modify and order a new trial unless plaintiff stipulates to accept $1 million for past pain and suffering and $250,000 for future pain and suffering.

Mercure, Mugglin and Lahtinen, JJ., concur.

Cardona, P.J. (concurring in part and dissenting in part). Inasmuch as I do not agree with that part of the majority decision concluding that the jury's award with respect to the future pain and suffering of plaintiff's daughter, Maya, deviates from what would be reasonable compensation, I respectfully dissent as to that issue.

In my view, the jury's award of $1 million for 10 years of future pain and suffering is reconcilable with recent cases, most particularly *Young v Tops Mkts.* (283 AD2d 923 [2001]), and, therefore, deserves deference. Notably, in *Young*, the adult male plaintiff suffered injuries to his right femur, spinal column, pelvis, right knee and right heel following a fall (*id.* at 924-925). Although there was evidence of the plaintiff's ongoing pain, the Fourth Department noted that a reduced award of $2.5 million for 25 years of future pain and suffering was appropriate given that the plaintiff could walk with a cane, drive and do light housework (*id.* at 925; *see Allison v Erie County Indus. Dev. Agency*, 35 AD3d 1159 [2006]).

Here, Maya, at the age of 13 years, sustained multiple traumatic injuries to the right side of her body, including a fracture of the superior and inferior pubic ramus of her pelvis, fracture of the eighth rib, a punctured and partially collapsed lung requiring insertion of a chest tube, a liver laceration, and a shifting of her bladder from the center to the left side of her body. As a result of this accident, a bone in Maya's pelvis was twisted approximately 70 degrees out of position due to the tremendous amount of force caused by the subject collision. Significantly, there was medical proof at trial that the bony spike now protruding into Maya's pelvis cannot be repaired surgically and will result in long-term pain and difficulties with, among other things, sexual activity, as well as any pregnancy or noncaesarean delivery of a child. While there was also proof downplaying the significance of those injuries, it is apparent from the amount awarded by the jury that it was convinced

Maya would experience substantial future problems and I find no reason in this record for that conclusion to not be accorded deference.

Thus, given the nature and extent of these unique and extraordinary gynecological injuries and their tremendous impact on this young woman's life, it is my opinion that an award of $1 million for future pain and suffering is not excessive as a matter of law, is in line with the amount considered appropriate for a 25-year period in the *Young* case, and is not in conflict with cases such as *Allison v Erie County Indus. Dev. Agency* (*supra*) and *Hopper v Regional Scaffolding & Hoisting Co., Inc.* (21 AD3d 262 [2005], *lv dismissed* 6 NY3d 806 [2006]). Accordingly, I would affirm the jury's award for future pain and suffering.

Ordered that the order and judgment are modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff $2 million in damages for past pain and suffering and $1 million in damages for future pain and suffering; new trial ordered on the issue of said damages unless, within 20 days after service of a copy of the order herein, plaintiff stipulates to reduce the awards for past pain and suffering to $1 million and for future pain and suffering to $250,000, in which event said order and judgment, as so modified, are affirmed.