■ PETER E. BISSELL et al., Respondents, v TOWN OF AMHERST, Defendant and Third-Party Plaintiff-Respondent. McGONIGLE & HILGER ROOFING COMPANY, Third-Party Defendant-Appellant. [837 NYS2d 469]—

Appeal from an order of the Supreme Court, Erie County (Erin M. Peradotto, J.), entered August 14, 2006 in a personal injury action. The order, insofar as appealed from, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced an action seeking damages for injuries sustained by Peter E. Bissell (plaintiff) while he was employed by third-party defendant, McGonigle & Hilger Roofing Company (M & H), to perform roofing work on property owned by defendant and third-party plaintiff, Town of Amherst (Town). The Town then commenced this third-party action against M & H seeking indemnification and contribution and alleging that the actions of M & H caused plaintiff to sustain a grave injury. M & H thereafter moved for summary judgment dismissing the third-party complaint based on its affirmative defense that the third-party action is barred by Workers' Compensation Law § 11 because plaintiff did not sustain a grave injury. We conclude that Supreme Court properly denied the motion.

Workers' Compensation Law § 11 defines a grave injury in relevant part as the "permanent and total loss of use . . . of . . . [a] foot." In support of its motion, M & H submitted plaintiff's verified bill of particulars, medical records and medical reports from two physicians retained by the Town. Those submissions establish that plaintiff sustained serious injuries, including bilateral lower extremity paraparesis and paralysis of the ankles and feet. M & H also submitted a record of plaintiff's treating physician in which he noted that plaintiff had "bilateral footdrop" and had "hardly any active range of motion in the dorsiflexion [or] plantar flexion." In addition, he noted that plaintiff retained only a passive range of motion of "up to around 10 degrees of dorsiflexion." Contrary to the Town's contention, the reports of the two physicians, affirmed under the penalty of perjury, constitute evidence in admissible form (see CPLR 2106; Millard v Alliance Laundry Sys., LLC, 28 AD3d 1145, 1147-1148 [2006]). One of those physicians noted that plaintiff lacked any power in the flexors and extensors of his feet and ankles or in the inverters and everters of his feet and thus concluded that plaintiff "ha[d] permanent total loss of use of both feet." The other physician found that plaintiff had "essentially no function below the knees" and thus concluded that plaintiff "ha[d] permanent and total loss of use of his legs below the knees." In our view, M & H by its own submissions raised

an issue of fact whether plaintiff sustained a grave injury and therefore failed to establish its entitlement to judgment as a matter of law (*see e.g. Altonen v Toyota Motor Credit Corp.*, 32 AD3d 342, 343-344 [2006]; *Millard*, 28 AD3d at 1146-1147; *Sexton v Cincinnati Inc.*, 2 AD3d 1408 [2003]; *Balaskonis v HRH Constr. Corp.*, 1 AD3d 120 [2003]).

In view of our determination, we see no need to address the remaining contention of M & H. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.