Order, Supreme Court, Bronx County (Sallie ManzanetDaniels, J.), entered on or about October 16, 2007, which, insofar as appealed from as limited by the briefs, upon a finding that plaintiff suffered a “grave injury” pursuant to Workers’ Compensation Law § 11, denied third-party/second third-party *286 defendant Vanlo Inc.’s cross motion for summary judgment dismissing the third-party and second third-party causes of action seeking indemnification, and denied so much of the motion of defendants/second third-party plaintiffs the Dorchester Tower Condominium, 155 West 68th Street Associates, LLC, Rebco Properties, Inc., Ogden Capital Properties LLC and Board of Managers of the Dorchester Tower Condominium (collectively Dorchester) for summary judgment on its indemnification claims as against Vanlo, unanimously modified, on the law, to the extent of granting Dorchester summary judgment on the indemnification claims as against Vanlo, and otherwise affirmed, with costs in favor of Dorchester, payable by Vanlo, and the matter remanded for further proceedings.
The motion court properly denied plaintiffs employer Vanlo’s cross motion, since the record establishes that Vanlo failed to meet its burden of showing, by competent admissible evidence, that plaintiff did not suffer a “grave injury” pursuant to Workers’ Compensation Law § 11 (see Altonen v Toyota Motor Credit Corp., 32 AD3d 342, 343-344 [2006]). Vanlo relies on the statements in the report of its expert that “[w]ith continued improvement” plaintiff “may eventually” be a candidate for a traumatic brain injury work program. However, that same report also states that plaintiff is unemployable at this time (see Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004]). The additional reports relied upon by Vanlo do not offer any opinions as to plaintiffs employability nor do they suggest, in light of assertions that plaintiff exaggerated his disabilities, what plaintiffs actual abilities are or what types of jobs he could possibly perform. Furthermore, the record contains extensive medical evidence supporting the court’s conclusion that plaintiff indeed suffered a traumatic brain injury that left him unemployable in any capacity (id.).
Dorchester’s motion for summary judgment on its indemnification claims as against Vanlo should have been granted since there is no evidence of negligence on its part or that it supervised or controlled plaintiffs work (see Tighe v Hennegan Constr. Co., Inc., 48 AD3d 201 [2008]). Concur — Lippman, EJ., Sweeny, Catterson, Acosta and Renwick, JJ.