*1145 Appeals from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered July 23, 2007 in a personal injury action. The judgment awarded plaintiffs a structured judgment upon a jury verdict.
It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting in part those parts of the post-trial motion and cross motion to set aside the verdict and for a new trial, setting aside the award of damages for past and future loss of services and society and past and future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on those elements of damages only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the award of damages for past loss of services and society to $250,000, for future loss of services and society to $750,000, for past pain and suffering to $3 million, and for future pain and suffering to $7 million, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Peter E. Bissell (plaintiff) while he was employed by third-party defendant, McGonigle & Hilger Roofing Company (M & H), performing roofing work on property owned by defendant and third-party plaintiff, Town of Amherst (Town). Following a trial on liability in the main action, we affirmed an order denying the motion of the Town to set aside the jury verdict *1146 finding it liable under Labor Law § 240 (1) (Bissell v Town of Amherst, 32 AD3d 1287 [2006]). Thereafter, the main and third-party actions were consolidated. M & H moved for summary judgment dismissing the third-party complaint based on its affirmative defense that the third-party action is barred by Workers’ Compensation Law § 11, and the Town cross-moved, pursuant to CPLR 3211 and 3212, for dismissal of that affirmative defense. Supreme Court denied both the motion and cross motion. On an appeal perfected by only M & H, we affirmed that part of the order denying its motion (Bissell v Town of Amherst, 41 AD3d 1228 [2007]).
While that appeal by M & H was pending, the Town moved for summary judgment on the third-party complaint, alleging that it is entitled to a conditional order of indemnification against M & H because the Town did not exercise any direction, supervision or control over plaintiff. Supreme Court granted the motion and conducted a trial on damages. Following the trial, a judgment in favor of plaintiffs was entered. In appeal No. 1, the Town and M & H appeal from that judgment and, in appeal No. 3, M & H appeals from a judgment directing it to indemnify the Town for, inter alia, all amounts paid by the Town to or on behalf of plaintiffs.
We conclude in appeal No. 3 that the court properly granted the Town’s motion for summary judgment on the third-party complaint. Even assuming, arguendo, that the Town’s motion was untimely, we conclude that the Town established good cause for the delay inasmuch as the third-party action had not been commenced when the note of issue was filed in the main action and the main action had originally been severed from the third-party action (see generally Brill v City of New York, 2 NY3d 648, 652 [2004]). Although it would have been preferable in the interest of judicial economy for the Town to have sought summary judgment on the third-party complaint in its prior cross motion seeking, inter alia, summary judgment dismissing the affirmative defense based on Workers’ Compensation Law § 11, we conclude that the Town’s motion “was not barred by the rule discouraging successive summary judgment motions” inasmuch as it was the Town’s first motion seeking summary judgment on the third-party complaint (Piazza v Frank L. Ciminelli Constr. Co., Inc., 12 AD3d 1059, 1060 [2004]). In any event, “there was sufficient cause for [the Town’s] present motion” (Welch Foods v Wilson, 277 AD2d 882, 883 [2000]).
With respect to the judgment in appeal No. 1, we reject the contention of M & H that the jury instructions on grave injury, evaluated as a whole (see Nestorowich v Ricotta, 97 NY2d 393, *1147 400 [2002]), failed to convey the proper legal standards (see Workers’ Compensation Law § 11; 1 NY PJI3d 2:275.1, at 1435-1436 [2008]; see also Tojek v Root, 34 AD3d 1210, 1211 [2006]), and we conclude that plaintiff did in fact sustain a grave injury (see Workers’ Compensation Law § 11; see e.g. Altonen v Toyota Motor Credit Corp., 32 AD3d 342, 343-344 [2006]; Millard v Alliance Laundry Sys., LLC, 28 AD3d 1145, 1147 [2006]; Sexton v Cincinnati Inc., 2 AD3d 1408, 1409-1410 [2003]). Contrary to the further contention of M & H, reversal is not warranted based on allegedly improper statements by the Town’s attorney on summation. “Any alleged errors in the summation of [the Town’s] attorney, to the extent that they are preserved, are ‘not so flagrant or excessive that a new trial is warranted’ ” (Dombrowski v Moore, 299 AD2d 949, 951 [2002]; see Young v Tops Mkts. [appeal No. 4], 283 AD2d 923, 924 [2001]).
Contrary to the Town’s contention in appeal No. 1, the evidence supports an award of damages for loss of services and society (see generally Presler v Compson Tennis Club Assoc., 27 AD3d 1096, 1097 [2006]). Plaintiff sustained a burst fracture of his LI vertebra and a transverse fracture of his L5 vertebra. As a result, the top of his spine is no longer connected by bone to the bottom of the spine. Plaintiff suffers from, inter alia, paralysis, incontinence of his bladder and bowel, and sexual dysfunction. One of plaintiffs physicians testified that, despite surgery and physical rehabilitation, plaintiffs muscles from the knee down “are dead and gone forever.” That physician also testified that plaintiff “has the worst of all worlds” because, although he has no motor function below the knee, he still has some sensation and thus feels excruciating pain at all times. As a result of the injuries and the medication, plaintiff is depressed and suffers from irritability and mood swings. Following the accident, plaintiff wife took over all aspects of plaintiffs hygienic care, although plaintiff is now able to perform some limited hygienic care for himself. Plaintiff wife also helps plaintiff with his physical therapy several times a day, including at night, and she must watch plaintiff suffer through his pain. Plaintiff is no longer able to perform most of the household services he performed before the accident, and plaintiffs’ economist testified concerning the value of the lost household services.
We agree with M & H and the Town, however, that the award of damages of $1 million and $2 million for past and future loss of services and society, respectively, and $5 million and $15 million for past and future pain and suffering, respectively, deviates materially from what would be reasonable compensation (see CPLR 5501 [c]). Based on the evidence presented at trial, *1148 we conclude that $250,000 for past loss of services and society and $750,000 for future loss of services and society are the maximum amounts the jury could have awarded (see Doe v State of New York, 189 AD2d 199, 204-205 [1993]; Kirschhoffer v Van Dyke, 173 AD2d 7, 11 [1991]; cf. Harvey v Mazal Am. Partners, 165 AD2d 242, 247 [1991], mod on other grounds 79 NY2d 218 [1992]). We further conclude that, based on the evidence presented at trial, $3 million for approximately bxU years of past pain and suffering and $7 million for 32.7 years of future pain and suffering are the maximum amounts the jury could have awarded (see Allison v Erie County Indus. Dev. Agency, 35 AD3d 1159, 1160 [2006]; Ruby v Budget Rent A Car Corp., 23 AD3d 257 [2005], lv denied 6 NY3d 712 [2006]). We therefore modify the judgment in appeal No. 1 accordingly, and we grant a new trial on damages for past and future loss of services and society and past and future pain and suffering only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the award of damages for past loss of services and society to $250,000, for future loss of services and society to $750,000, for past pain and suffering to $3 million, and for future pain and suffering to $7 million, in which event the judgment is modified accordingly.
Finally, we conclude that the award of damages for future medical expenses is supported by the evidence (see Allison, 35 AD3d at 1160). Present — Hurlbutt, J.E, Smith, Centra, Green and Pine, JJ.