SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**191**
**CA 11-00530**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

KIMBERLY B. ROONEY, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOHN E. ROONEY, DEFENDANT-APPELLANT.
(APPEAL NO. 3.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN, LLP, ROCHESTER
(RICHARD GLEN CURTIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John
M. Owens, J.), entered November 4, 2010 in a divorce action.  The
judgment, inter alia, granted plaintiff a divorce, equitably
distributed the parties' property and directed defendant to pay
maintenance and support to plaintiff.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by adding a paragraph indicating that
defendant is entitled to claim the parties' children as dependents for
tax purposes, provided that he remains current in his child support
and maintenance obligations and as modified the judgment is affirmed
without costs.

Memorandum:  In appeal Nos. 1 and 2, defendant appeals from
orders entered prior to the judgment of divorce.  In appeal No. 3,
defendant appeals from the judgment of divorce, and in appeal No. 4,
defendant appeals and plaintiff cross-appeals from a subsequent order
requiring that defendant pay a portion of plaintiff's attorneys' fees
with respect to the appeals in this action.  We note at the outset
that appeal Nos. 1 and 2 must be dismissed inasmuch as the orders in
those appeals are subsumed in the final judgment of divorce (*see
Huther v Sickler*, 21 AD3d 1303; *Hughes v Nussbaumer, Clarke & Velzy*,
140 AD2d 988).

With respect to the judgment in appeal No. 3, we reject
defendant's contention that the Referee erred in setting the term and
amount of maintenance.  "[T]he amount and duration of maintenance are
matters committed to the sound discretion of the trial court"
(*Boughton v Boughton*, 239 AD2d 935, 935), based upon the court's
consideration of the factors set forth in Domestic Relations Law § 236
(B) (6) (a).  In light of the long duration of the marriage and the
disparity in the parties' earning capacities, it cannot be said that

the Referee abused his discretion in awarding plaintiff maintenance of $2,500 per month for approximately 11 years.  Given plaintiff's undisputed health issues, which may necessitate further surgery, we reject defendant's contention that, for purposes of calculating both maintenance and child support, the Referee should have imputed full-time minimum wage income to plaintiff.

Defendant further contends in appeal No. 3 that the Referee erred in calculating the amount of maintenance arrears.  That contention is not properly before us inasmuch as the Referee declined to award maintenance arrears to plaintiff, and defendant therefore is not aggrieved by that portion of the Referee's determination (*see Flynn v Flynn*, 244 AD2d 993).  We also reject defendant's contention in appeal No. 3 that, in calculating the amount of child support, the Referee erred in failing to impute income to plaintiff based on cash gifts that she received from her mother (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]).  The evidence at trial supported the Referee's finding that the cash gifts were sporadic in nature, rather than regular and expected (*see Rostropovich v Guerrand-Hermes*, 18 AD3d 211).  We agree with defendant, however, that he should be allowed to claim the parties' children as dependents for tax purposes, provided that he remains current in his child support and maintenance obligations.  We therefore modify the judgment accordingly.

Contrary to defendant's contention in appeal Nos. 3 and 4 and plaintiff's contention on her cross appeal in appeal No. 4, Supreme Court properly ordered defendant to pay a portion of plaintiff's attorneys' fees incurred in the trial of this action and on appeal. In light of the gross disparity in the parties' income, the awards of fees to plaintiff were appropriate (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881).  " 'The evaluation of what constitutes reasonable [attorneys'] fees is a matter within the sound discretion of the trial court' " (*Benzaken v Benzaken*, 21 AD3d 391, 392), and we conclude that the court did not abuse its discretion in this case.

Contrary to defendant's further contention in appeal No. 3, we conclude that the Referee properly denied on procedural grounds his post-trial motion seeking, inter alia, to "correct[ ]" various alleged errors in the Referee's decision.  Inasmuch as defendant's contention that the Referee should have directed plaintiff to remove defendant's name from the loans against the former marital residence was raised only in that post-trial motion, that contention is not properly before us.  In any event, we conclude that it is without merit.

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court