Hernandez v Seadyck Realty Co., LLC (2018 NY Slip Op 03919)





Hernandez v Seadyck Realty Co., LLC


2018 NY Slip Op 03919


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6749 157770/12

[*1]Angel Hernandez, Plaintiff,
v
Seadyck Realty Co., LLC, et al., Defendants.
Seadyck Realty Co., LLC, Third-Party Plaintiff-Appellant,
v
P.A. Painting and Decorating, Corp., Third-Party Defendant-Respondent.


Cozen O'Connor, New York (Edward Hayum of counsel), for appellant.
Churbuck Calabria Jones & Materazo, P.C., Hicksville (Nicholas P. Calabria of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 30, 2017, which granted the motion of third-party defendant P.A. Painting and Decorating, Corp. (PA Painting) for summary judgment dismissing the causes of action of the third-party complaint for common-law contribution and indemnification, unanimously affirmed, without costs.
Plaintiff injured his right hand while using a power saw or grinding machine while he was employed by PA Painting. Plaintiff underwent four surgeries and collected Workers' Compensation benefits. The expert reports of plaintiff's occupational therapist and defendant Seadyck's orthopedic specialist concluded that, even after the surgeries and physical therapy, plaintiff still had severe limitations in use of his right hand, including severely decreased grip strength, significant limitations in range of motion in the fingers and wrist, and severely impaired fine and medium coordination. However, plaintiff testified that he can close his fingers enough to grasp a door handle or a cup, and Seadyck's expert found he had effective grasp between his thumb and index finger. Plaintiff's expert found that plaintiff had mild to severe difficulty performing various tasks, and had switched to his nondominant left hand for writing, eating and dressing. As none of the experts found that plaintiff had suffered a total loss of use, or that he was limited to just "passive use," of his right hand, and Seadyck failed to submit any other evidence to raise a triable issue of fact, PA Painting was entitled to summary judgment on the ground that plaintiff did
not suffer a "grave injury" as defined in Workers' Compensation Law § 11 (see Kraker v Consolidated Edison Co., Inc., 23 AD3d 531 [2d Dept 2005]; Trimble v Hawker Dayton Corp., 307 AD2d 452 [3d Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK