O'Flaherty v Columbo (2022 NY Slip Op 00945)





O'Flaherty v Columbo


2022 NY Slip Op 00945


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 157250/17 Appeal No. 15277 Case No. 2021-02493 

[*1]Brian O'Flaherty, Plaintiff,
v
Joseph Columbo et al., Defendants.
TJM Construction, Third-Party Plaintiff- Respondent-Appellant,
v
Jackson Installation, LLC, Third-Party Defendant- Appellant-Respondent.
Planet 550 Corp et al., Second Third-Party Plaintiffs, 
v
TJM Construction, Second Third-Party Defendant-Respondent-Appellant, Jackson Installation, LLC, Second Third-Party Defendant-Appellant-Respondent.


Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellant-respondent.
Gartner + Bloom P.C., New York (Justin A. Domenech of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered March 30, 2021, which, to the extent appealed from as limited by the briefs, denied third-party defendant/second third-party defendant Jackson Installation, LLC's motion for summary judgment dismissing the third-party complaints and any cross claims against it for common-law indemnification and contribution as premature, unanimously affirmed, without costs.
Plaintiff alleges that he sustained severe, permanent injuries while working at a construction site when the two individual defendants, employees of defendant Burgess, assaulted him. Plaintiff commenced this action against numerous defendants, including the owner of the site and a subcontractor, TJM Construction, which then commenced third-party actions against plaintiff's employer, Jackson Installation. Jackson Installation moved for summary judgment dismissing the third-party complaints against it on the ground that neither plaintiff nor the third-party plaintiffs alleged that plaintiff sustained a "grave injury" as a result of the incident, and therefore the claims were barred by the exclusivity provisions of the Workers Compensation Law.
The motion court properly denied Jackson Installation's motion because it failed to establish, prima facie through competent medical evidence, that plaintiff's alleged injuries were not "grave" injuries (Workers' Compensation Law § 11; see Santana v MMF 1212 Assoc L.L.C., 190 AD3d 505, 506 [1st Dept 2021]; Congregation Nezach Israel v ABGG Constr. Inc., 38 AD3d 332 [1st Dept 2007]). The medical examination reports conducted for the Workers' Compensation Board could not be relied upon by Jackson Installation to meet its burden, because it submitted them in reply (see Forbes v New York City Tr. Auth., 88 AD3d 546, 547 [1st Dept 2011]).
In addition, TJM Construction's argument that it had not conducted discovery on the issue of plaintiff's medical condition was sufficient for the court to deny the motion as premature. Plaintiff has pled an injury that may fall within the definition of a grave injury given that the complaint alleges that plaintiff has been "permanently physically incapacitated" as a result of the incident (see CPLR 3212[f]; Altonen v Toyota Motor Credit Corp., 32 AD3d 342, 343-344 [1st Dept 2006]).
The absence of the term "grave injury" in the third-party complaints, in and of itself, does not require a finding in Jackson Installation's favor on this issue because the allegations of the third-party complaints provide sufficient notice to Jackson Installation that plaintiff suffered an injury that could arguably be characterized as a "grave injury" under Workers' Compensation Law § 11 and Jackson Installation raised the issue as an affirmative defense in its answer to the second third-party complaint (see Giblin v Pine Ridge Log Homes, Inc., 42 AD3d 705, 706 [3d Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: February 10, 2022