■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v. LOBLAW, INC., Petitioner.— Determination unanimously confirmed, with costs, and cross motion for order of enforcement granted. Memorandum: The commissioner found that reasonable grounds existed for petitioner, Loblaw, Inc., to decline to employ complainant when he first applied in early 1972 for a job as truck driver. He also found that after complainant filed complaint against petitioner for discrimination against him, petitioner employed several other truck drivers without contacting or considering complainant. In view of the complainant's apparent qualifications, the evidence before the commissioner placed upon petitioner the burden of explanation of its failure to offer complainant a job later that year and thus show that it did not act in retaliation because of his complaint (*McDonnell Douglas Corp.* v. *Green*, 411 U. S. 792, 802). The record presented a factual basis for the Commissioner's finding that petitioner acted in retaliation (see *Bethlehem Steel Corp.* v. *New York State Div. of Human Rights*, 36 A D 2d 898). (Application pursuant to section 298 of the Executive Law, to reverse order finding retaliation.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.

■ JAMES M. GARDNER, Respondent, v. FYR-FYTER COMPANY, INC., Appellant, and STOP-FIRE, INC., Respondent. (Appeal No. 1.) — Order unanimously affirmed, with costs. Memorandum: In affirming Special Term's denial of appellant's motion for summary judgment, we note that upon this record there are substantial issues of fact bearing on the question of the proper characterization of the transactions between New York Trap Rock Corporation and appellant's predecessor Fire Equipment Manufacturing Corporation (Fire Equipment). In form the transaction was a purchase of assets by Fire Equipment without the assumption of liabilities. Plaintiff-respondent Gardner alleges, however, that regardless of the form, the transaction was in fact and substance a merger with a concomitant assumption of liabilities (see Business Corporation Law, § 906, subd. [b], par. [3]). Although a purchase of assets may ordinarily be arranged so as to insulate the purchaser from the seller's liabilities, the purchase must be for fair consideration and undertaken in good faith as a bona fide transaction (*Male* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 230 N. Y. 158, 164; *Cole* v. *Millerton Iron Co.*, 133 N. Y. 164). Here there are factual issues which preclude the granting of summary judgment. (Appeal from order of Allegany Special Term denying motion for summary judgment.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.