■ SALVATORE GALAZ, Appellant, et al., Plaintiff, v SOBEL & KRAUS, INC., et al., Defendants and Third-Party Plaintiffs. MEMSCO, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [721 NYS2d 623] —Judgment, Supreme Court, Bronx County (Anne Targum, J.), entered March 11, 1999, which, upon a jury verdict, awarded plaintiff the stipulated amount of $8,079 for past medical expenses, but nothing for past pain and suffering, future medical expenses or future pain and suffering, unanimously affirmed, without costs.

The verdict, finding for plaintiff on the issue of liability but awarding damages for past medical expenses only, was not inconsistent, since the jury apparently concluded that plaintiff had suffered an injury as a result of the alleged accident, but that the injury was de minimis and that the plaintiff did not suffer any compensable pain or suffering (see, Annotation, 55 ALR 4th 186; compare, Rivera v City of New York, 253 AD2d 597). That the jury awarded the plaintiff $8,079 for past medical expenses does not render the verdict inconsistent, since that amount was not determined by the jury but was stipulated to by the parties' attorneys. Additionally, the verdict was not against the weight of the evidence. The jury was presented with conflicting expert testimony and issues respecting plaintiff's credibility. On the record before us, it cannot be said that the jury's verdict could not have been reached on any fair interpretation of that evidence (Lolik v Big V Supermarkets, 86 NY2d 744, 746).

The trial court properly precluded plaintiff's testimony as to his purported loss of future income from a proposed business he intended to open or from his purported future employment as a mechanic, since this evidence of alleged future income was too speculative (see generally, Razzaque v Krakow Taxi, 238 AD2d 161, 162). Plaintiff offered no objective evidence of the alleged business he claimed he was about to open, and he had

not worked as a mechanic for 11 months prior to the accident. He offered no evidence, beyond his self-serving testimony of his intention to return to work as a mechanic, of any job opportunities, and offered no explanation as to why he was not working as a mechanic at the time of his injury. Furthermore, plaintiff's bill of particulars to defendant Weiler listed his occupation as roofer/waterproofer, the occupation in which he was engaged at the time of the accident. Defendants were never put on notice of plaintiff's intention to claim lost income as a mechanic or business owner (compare, *Abdelnabi v New York City Tr. Auth.*, 273 AD2d 114; *Sahdala v New York City Health & Hosps. Corp.*, 251 AD2d 70).

The trial court also properly precluded plaintiff's economic expert from testifying as to plaintiff's alleged lost future income, since plaintiff's disclosure pursuant to CPLR 3101 (d) (1) (i) was inadequate and, when combined with plaintiff's bill of particulars, was misleading (*see, Parsons v City of New York*, 175 AD2d 783). Also proper was the court's ruling permitting defendant's medical expert to testify as to the cause of plaintiff's injury. Defendant's expert's report clearly stated the reason he believed that the accident could not have caused plaintiff's alleged injuries, and so it was sufficient under CPLR 3101.

Plaintiff's remaining contentions are unavailing. Concur— Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.