▄ PETER E. BISSELL et al., Respondents-Appellants, v TOWN OF AMHERST, Appellant-Respondent. (Appeal No. 1.) [775 NYS2d 730]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered February 24, 2003. The order denied plaintiffs' motion for partial summary judgment and defendant's cross motion for summary judgment dismissing certain Labor Law claims.

It is hereby ordered that said cross appeal be and the same hereby is unanimously dismissed (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]) and the order is modified on the law by granting the cross motion in part and dismissing the Labor Law § 200 claim and as modified the order is affirmed without costs.

Memorandum: In appeal No. 1, Supreme Court properly denied that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 240 (1) claim and, in appeal No. 2, the court properly denied that part of defendant's

cross motion seeking leave to renew with respect to that claim. Plaintiffs raised a triable issue of fact whether Peter E. Bissell (plaintiff) was injured during "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (§ 240 [1]; *see Martinez v City of New York,* 93 NY2d 322, 326 [1999]). Contrary to defendant's contention in appeal No. 2, the court did not improperly shift the burden of proof to defendant in granting that part of plaintiffs' motion seeking to limit the liability phase of the trial to one issue of fact with respect to the Labor Law § 240 (1) claim, i.e., whether plaintiff was engaged in the repair of a building at the time of his injury. Plaintiffs established certain facts as a matter of law pursuant to CPLR 3212 (g) and thus the burden shifted to defendant to raise a triable issue concerning those facts (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Defendant failed to refute those facts, and any evidence that plaintiff disobeyed instructions in climbing the ladder "does not provide a basis for a defense against plaintiff[s'] Labor Law § 240 (1) [claim]" (*Stolt v General Foods Corp.,* 81 NY2d 918, 920 [1993]).

We conclude with respect to the order in appeal No. 1, however, that the court erred in denying that part of defendant's cross motion seeking dismissal of the Labor Law § 200 claim, and thus we modify the order in appeal No. 1 accordingly. Where, as here, the injury arises from the contractor's methods, the owner or general contractor is liable under Labor Law § 200 only if it exercised supervisory control over the operation (*see Lombardi v Stout,* 80 NY2d 290, 295 [1992]; *see also Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505 [1993]). Defendant established that it did not exercise such control, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman,* 49 NY2d at 562). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.