■ WILLIAM E. LATOUR et al., Appellants, v HAYNER HOYT CORPORATION et al., Respondents. (Appeal No. 1.) [786 NYS2d 751]—Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered January 8, 2004. The order denied plaintiffs' motion to set aside the verdict.

Appeal from a judgment of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered February 4, 2004. The judgment was entered, upon a jury verdict, in favor of plaintiffs and against defendants in the amount of $45,269.20.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries William E. Latour (plaintiff) allegedly sustained when he fell to the ground to avoid being struck by falling construction materials. Plaintiffs were granted partial summary judgment on their Labor Law § 240 (1) claim and, ultimately, a jury awarded plaintiffs the stipulated medical expenses, $15,000 for lost wages, $5,000 for past pain and suffering and nothing for future pain and suffering. On this appeal plaintiffs contend that those parts of the award for lost wages and past and future pain and suffering are inadequate, inconsistent and against the weight of the evidence. Plaintiffs further contend that the testimony of defendants' expert should have been stricken because it lacked a proper foundation. We disagree with plaintiffs' contentions and conclude that the opinion testimony of defendants' expert had a proper foundation inasmuch as the opinion was based on facts in the record (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 146 [1997], *rearg denied* 90 NY2d 936 [1997]; *see generally People v Samuels*, 302 NY 163, 171-172 [1951]). Further, where, as here, defendants' expert based his opinion on his physical examination of plaintiff as well as plaintiff's medical records, the fact that defendants' expert did not personally review the X-rays and MRI films "goes only to the weight of the testimony, not to its admissibility" (*Weigert v Baker*, 217 AD2d 1011, 1011 [1995]).

We further conclude that the verdict is based on a fair interpretation of the evidence, is not inconsistent and does not deviate materially from what would be reasonable compensation (*see* CPLR 4404 [a]; 5501 [c]; *Mejia v JMM Audubon*, 1 AD3d 261, 262 [2003]; *Galaz v Sobel & Kraus*, 280 AD2d 427 [2001]). Plaintiff's medical records establish that plaintiff suffered prior injuries to his right shoulder, and defendants' expert opined that those injuries were caused, in part, by an underlying

degenerative disease. Thus the jury could have reasonably concluded that the pain plaintiff suffered immediately following the accident was only partially caused by the accident and that the continuing pain in plaintiff's shoulder arises from the prior injuries and the underlying degenerative condition. Present—Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.