■ DOMENIC F. PURICELLI, Appellant, v NORTHSTAR CONSTRUCTION, INC., Respondent. [788 NYS2d 762]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered July 27, 2004. The order, insofar as appealed from, denied that part of plaintiff's motion for partial summary judgment on liability and granted those parts of defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied that part of plaintiff's motion seeking partial summary judgment on liability on the Labor Law § 200 claim and the common-law negligence cause of action. Plaintiff was struck in the back by a piece of plywood thrown by defendant's employee from a second floor window. Defendant's employee was attempting to throw the plywood into a dumpster beneath the window, and plaintiff was bent over near the dumpster when the plywood struck his back. We conclude that plaintiff established that defendant had "the

authority to control the activity bringing about the injury" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]) and thus met his initial burden on the motion. We further conclude, however, that defendant raised an issue of fact with respect to whether its employee was negligent by establishing that the dumpster was only three feet below the window from which the plywood was discarded (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.