■ MICHAEL ORLIKOWSKI et al., Respondents-Appellants, v CORNERSTONE COMMUNITY FEDERAL CREDIT UNION et al., Appellants-Respondents. (Appeal No. 1.) [865 NYS2d 429]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered May 9, 2007 in a personal injury action. The judgment awarded plaintiffs damages against defendants in the amount of $513,069.09.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting the post-trial motion in part, setting aside the verdict with respect to future pain and suffering and loss of consortium and as modified the judgment is affirmed without costs, and a new trial is granted on those elements of damages only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for future pain and suffering to $100,000 and for loss of consortium to $15,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Michael Orlikowski (plaintiff) while laying bricks in the course of construction of a building. Plaintiff allegedly fell approximately four feet from scaffolding through the open frame of a window onto a concrete floor. Defendants and third-party plaintiffs (defendants), the owner of the building and the general contractor, commenced a third-party action against plaintiff's employer, Thomas Johnson, Inc. (TJI), and they were granted a default judgment for contractual indemnification in the amount of any judgment recovered by plaintiffs in the main action, as well as the amount of attorneys' fees, costs and expenses incurred by them in the defense of the main action. Following a trial in the main action, the jury found that defendants violated Labor Law § 240 (1) and awarded plaintiff $100,000 for past pain and suffering, $20,000 for past medical expenses, $125,000 for past loss of wages, $28,000 for future pain and suffering, and $227,000 for future loss of wages. The jury awarded no damages to plaintiff wife for her derivative cause of action for loss of consortium. Plaintiffs made a post-trial motion seeking to increase the award of damages for plaintiff's future pain and suffering and future loss of wages and seeking an award of damages for plaintiff wife's derivative cause of action. Defendants cross-moved to set aside the verdict and for judgment in their favor as a matter of law, and they sought judgment against TJI "for the amount of, any judgment [against them in the main action] plus defendants' attorneys' fees, disbursements and expenses incurred in defend-

ing" that action, to be determined at an inquest pursuant to CPLR 3215. By the judgment in appeal No. 1 and the underlying order therein, Supreme Court denied plaintiffs' motion and that part of defendants' cross motion with respect to the main action and awarded plaintiffs damages in the amount of $513,069.09. By the judgment in appeal No. 2, the court granted that part of the cross motion of defendants with respect to TJI by awarding them the amount recovered by plaintiffs in the main action plus interest, as well as $81,331.21 for attorneys' fees, costs and disbursements.

Addressing first defendants' appeal from the judgment in appeal No. 1, we reject the contention of defendants that the court erred in denying that part of their post-trial motion seeking to set aside the verdict in favor of plaintiffs on the Labor Law § 240 (1) claim and for judgment in their favor as a matter of law. Here, plaintiff fell approximately four feet to the concrete floor below through the open frame of a window, and we conclude that plaintiff's work involved an elevation-related risk (*see generally Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Barnaby v A. & C. Props.*, 188 AD2d 958, 959 [1992]), and defendants failed to controvert the testimony of plaintiffs' expert that defendants should have placed a barrier across the window opening to prevent a worker from falling through the window. Thus, it cannot be said that there was "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

With respect to plaintiffs' cross appeal from the judgment in appeal No. 1, plaintiffs contend that the award of damages for future pain and suffering and future loss of wages is inadequate. We agree with respect to the award of damages for future pain and suffering. Plaintiffs presented evidence at trial establishing that plaintiff underwent a discectomy following the accident, and they presented uncontroverted testimony that he would require spinal fusion surgery in the future. Thus, we conclude that the jury's award of damages for future pain and suffering in the amount of $28,000 deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *cf. Latour v Hayner Hoyt Corp.* [appeal No. 2], 13 AD3d 1147, 1148 [2004]) and, in our view, an award of $100,000 is the minimum amount that the jury could have found as a matter of law based on the evidence at trial (*see generally Camacho v Rochester City School Dist.*, 20 AD3d 916 [2005]). We reject plaintiffs' contention, however, that the award of damages for future loss of wages

is inadequate. The record establishes that plaintiff had returned to work without restriction and that plaintiff's alleged disability was not caused by the accident, and thus it cannot be said that the award for future loss of wages deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Latour*, 13 AD3d at 1148-1149).

Finally, with respect to appeal No. 1, we also agree with plaintiffs that plaintiff wife established in support of the derivative cause of action that she "suffered some loss, and [that] the absence of an award of damages on [that cause of action] is contrary to a fair interpretation of the evidence and inconsistent with the award of money damages" to plaintiff (*Gallo v Cook*, 125 AD2d 980, 981 [1986]). In view of the evidence that plaintiff returned to work three months after the accident without restriction and that the accident did not cause plaintiff's continued disability, we conclude that an award of $15,000 is the minimum amount that the jury could have found as a matter of law based on the evidence at trial (*see generally Camacho*, 20 AD3d 916 [2005]).

We therefore modify the judgment in appeal No. 1 accordingly, and we grant a new trial on damages for future pain and suffering and loss of consortium only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for future pain and suffering to $100,000 and for loss of consortium to $15,000, in which event the judgment is modified accordingly.

With respect to appeal No. 2, we agree with TJI that the court erred in granting a final judgment assessing damages against it in the amount of the judgment in the main action plus interest, and we therefore modify the judgment accordingly. "Indemnification claims generally do not accrue . . . until the part[ies] seeking indemnification ha[ve] made payment to the injured person" (*McDermott v City of New York*, 50 NY2d 211, 216 [1980], *rearg denied* 50 NY2d 1059 [1980]), and there is no evidence in the record before us that defendants had incurred liability " 'by way of actual payment' " at the time of the entry of the judgment in appeal No. 2 (*Varo, Inc. v Alvis PLC*, 261 AD2d 262, 265 [1999], *lv denied sub nom. IMO Indus. v Alvis PLC*, 95 NY2d 767 [2000]). Thus, defendants' request for payment was premature, and defendants were not entitled to a final judgment. We agree with defendants, however, that they were entitled to "obtain a conditional judgment fixing the potential liability without the need for payment until it is shown that the judgment in the [main] action has been satisfied" (*McCabe v Queensboro Farm Prods.*, 22 NY2d 204, 208 [1968]), and we

note that they obtained that relief by way of the default judgment in appeal No. 1. Further, TJI is foreclosed from challenging the amount of the judgment in the main action. Defendants were granted contractual indemnification upon TJI's default, and TJI never moved to vacate the order entered upon its default (*see* CPLR 5511).

Finally, we reject the contention of TJI that defendants were not entitled to recover from it the amount of their attorneys' fees, costs and disbursements incurred in the defense of the main action. Defendants offered sufficient evidence to support the amount requested, as well as evidence that they had made actual payment thereof to their counsel (*see generally Varo, Inc.*, 261 AD2d at 265). The portion of the attorneys' fees concerning which TJI had a factual dispute was severed from the judgment, and TJI otherwise rejected the court's offer to conduct a hearing to enable TJI to challenge the remainder of the fees requested (*cf. Data-Track Account Servs., Inc. v Lee*, 15 AD3d 962, 963 [2005]). Further, the evidence presented by defendants supports the court's implicit determination that the attorneys' fees sought, with the exception of the severed portion, were reasonable (*see Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471, 472 [2005]; *Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel*, 243 AD2d 877, 878-879 [1997]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.