# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**38**

**CA 12-00803**

PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

TOWN OF AMHERST AND GRANITE STATE
INSURANCE COMPANY, PLAINTIFFS-RESPONDENTS,

V

OPINION AND ORDER

ARTHUR HILGER, SALLY BISHER,
DEFENDANTS-APPELLANTS,
AND AARON HILGER, DEFENDANT.
(APPEAL NO. 2.)

---

SMITH, MURPHY & SCHOEPPERLE, LLP, BUFFALO, MAURO LILLING NAPARTY LLP,
WOODBURY (MATTHEW W. NAPARTY OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

SHAUB, AHMUTY, CITRIN & SPRATT, LLP, LAKE SUCCESS, DEMARIE &
SCHOENBORN, P.C., BUFFALO (JOSEPH DEMARIE OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

MICHAEL JAFFE, NEW YORK CITY, FOR NEW YORK STATE TRIAL LAWYERS
ASSOCIATION, AMICUS CURIAE.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Paula
L. Feroleto, J.), entered January 23, 2012. The judgment awarded
plaintiffs the sum of $30,230,533.15 against defendants Arthur Hilger
and Sally Bisher.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying plaintiffs' motion in its
entirety and as modified the judgment is affirmed without costs, and
the matter is remitted to Supreme Court, Erie County, for further
proceedings in accordance with the following Opinion by FAHEY, J.:

I

This appeal arises from the refusal of Arthur Hilger and Sally
Bisher (collectively, defendants), who were officers of nonparty
McGonigle and Hill Roofing, Inc. (M&H), to seek insurance coverage
from nonparty New York State Insurance Fund (SIF), M&H's insurer, with
respect to a judgment plaintiff Town of Amherst (Town) has against M&H
(Town judgment). There is no dispute that M&H, which is now
dissolved, had insurance coverage under a workers' compensation and
employers' liability policy that was issued to it by SIF (hereafter,
SIF policy) and that was effective at the time of the underlying loss.
There is also no dispute that SIF has not paid the Town judgment on
behalf of M&H only because of defendants' intractable refusal to

request that SIF satisfy that judgment. For the reasons set forth below, plaintiffs commenced this action against defendants and defendant Aaron Hilger (collectively, Hilgers) in an effort to force the Hilgers to ensure SIF's compliance with the terms of the SIF policy.

Plaintiffs moved for summary judgment seeking, inter alia, a money judgment against the Hilgers and an order directing the Hilgers to take all necessary actions to ensure that SIF complies with the SIF policy. The Hilgers, in turn, cross-moved for summary judgment dismissing the complaint. Supreme Court granted that part of the cross motion seeking summary judgment dismissing the complaint against Aaron Hilger and otherwise denied the cross motion. The court also granted plaintiffs' motion insofar as it related to defendants and awarded plaintiffs judgment in the amount of $30,230,533.15. On defendants' appeal, we conclude that the judgment should be modified by denying plaintiffs' motion in its entirety, and we remit the matter to Supreme Court for further proceedings in accordance with our conclusions herein.

II

On February 21, 2002, Peter E. Bissell, who is not a party to this action, fell from a ladder that was not properly secured (hereafter, accident) and "sustained serious injuries, including bilateral lower extremity paraparesis and paralysis of the ankles and feet" (*Bissell v Town of Amherst*, 41 AD3d 1228, 1229, *lv denied* 14 NY3d 703). At the time of the accident, Bissell was working on a building owned by the Town as a roofer employed by M&H, a New York corporation. The father of Arthur Hilger was the president of M&H and died in or before 2004. Arthur Hilger was a vice-president of M&H and is the brother of Sally Bisher, who was the secretary of M&H.

After the accident, Bissell and his wife commenced a lawsuit against the Town alleging, inter alia, Labor Law violations and common-law negligence. The Town commenced a third-party action against M&H, which was consolidated with the main action. That action was before us on several occasions (*Matter of Bissell v Town of Amherst*, 79 AD3d 1638, *affd* 18 NY3d 697; *Bissell v Town of Amherst*, 56 AD3d 1144, *lv denied in part and dismissed in part* 12 NY3d 878; 41 AD3d 1228, *lv denied* 14 NY3d 703; 32 AD3d 1287; 6 AD3d 1229). On the prior appeals we, inter alia, affirmed an order denying the Town's motion to set aside a jury verdict on liability pursuant to Labor Law § 240 (1) (*Bissell*, 32 AD3d at 1287), affirmed that part of a judgment determining that Bissell sustained a grave injury in the accident (*Bissell*, 56 AD3d at 1147) and affirmed a judgment, i.e., the Town judgment, directing M&H to indemnify the Town for all amounts the Town paid pursuant to a judgment issued in Bissell's favor in the main action (*Bissell v Town of Amherst*, 56 AD3d 1149, 1149).

Plaintiff Granite State Insurance Company (Granite State) had issued a liability insurance policy in the amount of $10 million to the Town that was effective at the time of Bissell's accident and that

covered the loss resulting from that incident. The Town satisfied the judgment issued in favor of Bissell in the amount of $23,552,070, using insurance funds provided under the Granite State policy, together with self-insurance funds provided by the Town.

M&H, in turn and as noted, was insured at the time of the accident under the SIF policy. According to defendants, the SIF policy was the only insurance available to M&H with respect to the accident because there was no contract between M&H and the Town at the time of that incident that would have triggered coverage for contractual indemnification under M&H's general liability policy. Moreover, the SIF policy contains no policy limit for damages M&H must pay because of bodily injury to its employees, i.e., it provides unlimited coverage for common-law indemnification. In view of the judgment in favor of the Town against M&H on the issue of common-law indemnification (see Bissell, 56 AD3d at 1146), a logical mind would think that SIF would have indemnified the Town and reimbursed Granite State, and this matter would have been resolved.

Logic, however, did not prevail. M&H ceased doing business in May 2002, which was three months after the accident, and was dissolved on July 12, 2004. There is no dispute that SIF has no valid defense allowing it to disclaim coverage for M&H, and indeed it has not disclaimed coverage for M&H with respect to the Bissell action. Further, it is uncontested that the SIF policy provides that the insured's bankruptcy or insolvency will not relieve SIF of its coverage obligations. Nevertheless, M&H has never demanded that SIF pay the Town judgment and, according to Aaron Hilger[1] and defendants, has no intention of doing so. To date, SIF has not paid the Town judgment, and thus the Hilgers' refusal to seek coverage from SIF for M&H forced plaintiffs to satisfy a judgment for which M&H is ultimately responsible (cf. Orlikowski v Cornerstone Community Fed. Credit Union, 55 AD3d 1245, 1248, lv dismissed 11 NY3d 915), and for which SIF has a contractual obligation to insure M&H.

III

By summons and complaint filed November 3, 2010, plaintiffs commenced this action against the Hilgers, alleging that the Hilgers dissolved and liquidated M&H without satisfying the Town judgment. The complaint contained two causes of action: the first alleged that the Hilgers breached their fiduciary duties to plaintiffs to take all steps necessary to ensure that the lawful debts of M&H were paid, and the second alleged that the Hilgers "caused M&H to be liquidated in violation of Business Corporation Law [a]rticle 10," which provides for non-judicial dissolution. In the wherefore clause of the complaint, plaintiffs sought, inter alia, an order directing the Hilgers to "take all necessary steps" to ensure SIF's compliance with

---

[1]Unlike defendants, Aaron Hilger had no role in M&H's dissolution and was not an officer of that company when it was dissolved. As such and as noted, the court granted summary judgment dismissing the complaint against him.

the terms of the SIF policy and a judgment against the Hilgers personally for the amount the Town paid on the judgment Bissell took against it, together with interest.

On January 10, 2011, SIF sent a letter to the Hilgers confirming that

> "[SIF] will pay for the legal fees and disbursements incurred in [the Hilgers'] defense in [this] lawsuit.  In addition, [SIF] will pay for any damages awarded against [the Hilgers] in [this] action except for any damages attributable to activities or actions taken by [any of the Hilgers] as officers and/or employees of [M&H] determined to be in violation of law."[2]

Two days later, the Hilgers answered the complaint, alleging that they had "fulfilled all of their legal obligations and obligations they may have had under the [SIF] policy."

The matter subsequently proceeded from discovery to motion practice, where plaintiffs moved and the Hilgers cross-moved for summary judgment.  The submissions with respect to the motion and cross motion demonstrate, inter alia, that coverage for M&H under the SIF policy was effective at the time of the accident; that, despite M&H's dissolution, the Hilgers never requested that SIF indemnify M&H relative to the Town judgment and had no intention of doing so; that M&H's rights and duties under the SIF policy cannot be transferred without SIF's written consent; that M&H's creditors were paid upon its dissolution; and that the Hilgers were insulated by SIF from any personal liability resulting from this lawsuit.

Discovery did not establish a motive for the Hilgers' refusal to seek coverage from SIF, but at the oral argument of this appeal defendants' attorney indicated that their recalcitrance was borne of "animosity" toward the Town.  In any event, following oral argument on the motion and cross motion, the court issued an order that reflects the court's rational umbrage with the Hilgers' refusal to seek coverage for M&H from SIF with respect to the Town judgment.  The court issued a judgment against defendants in the amount of $23,552,070 and awarded statutory interest in the amount of $6,678,463.15, thus yielding a judgment in the aggregate amount of $30,230,533.15.

---

[2]This letter was modified by correspondence from SIF to the Hilgers' counsel dated August 11, 2011, wherein SIF stated that it "will pay for any damages awarded against [the Hilgers] in [this] action."  The record does not speak to the issue whether the modification was intended to protect the Hilgers from the danger that SIF's obligation to indemnify them would not accrue because the Hilgers could not satisfy a $23 million judgment against them (see *Orlikowski*, 55 AD3d at 1248).

IV

          Before addressing the merits, we acknowledge plaintiffs' concern regarding the viability of an action against SIF in the Court of Claims as a catalyst for this action.  Plaintiffs' attorney indicated that plaintiffs have a claim pending against the State of New York and SIF in the Court of Claims,[3] but noted that SIF is not subject to the provisions of Insurance Law § 3420 (*cf. Bowker v NVR, Inc.*, 39 AD3d 1162, 1163-1164), thus complicating plaintiffs' efforts to satisfy their judgment against M&H.  On this point, *Lang v Hanover Ins. Co.* (3 NY3d 350) is instructive:

> "Insurance Law § 3420 . . . grants an injured party a right to sue [a] tortfeasor's insurer [in derogation of the common law], but only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the [insurer] with a copy of the judgment and await payment for 30 days.  Compliance with [those] requirements is a condition precedent to a direct action against the insurance company" (*id.* at 354; *see* Insurance Law § 3420 [a] [2]; [b] [1], [2]; *cf.* CPLR 3001 [amended in 2008 to provide, inter alia, that "(a) party who has brought a claim for personal injury or wrongful death against another party may maintain a declaratory judgment action directly against the insurer of such other party"]; Insurance Law § 3420 [a] [6] [same]).

          The latitude the Insurance Law affords to a claimant to sue a private insurer of a tortfeasor does not, however, subject SIF to legal action brought by a claimant, or in this case an indemnitee of an SIF insured.  Indeed, "[SIF] is exempt from the requirements of Insurance Law § 3420 (a) and (b) due to Insurance Law § 1108 (c)" (*National Union Fire Ins. Co. of Pittsburgh, Pa. v State of New York*, 72 AD3d 620, 621, *lv denied* 16 NY3d 703 [internal quotation marks omitted]; *see Kenmore-Tonawanda School Dist. v State of New York*, 38 AD3d 203, 203, *lv denied* 10 NY3d 702).  Plaintiffs thus have a legitimate concern that, as nonparties to the SIF policy, they lack standing to sue SIF, and they otherwise have no access to the coverage contained in the SIF policy by virtue of the intransigence of M&H in dissolving itself and refusing to seek coverage from SIF (*see Miraglia v State Ins. Fund*, 32 Misc 3d 471, 475).  That concern explains plaintiffs' effort to seek recourse from the Hilgers individually through this action, and there can be no dispute that M&H's dissolution and the Hilgers' recalcitrance in refusing to seek from SIF the insurance coverage owed M&H by SIF with respect to the Town judgment is grossly inequitable and threatens a miscarriage of justice (*see generally* Workers' Compensation Law § 76 [1] [providing that SIF

---

[3]The parties note that the action in the Court of Claims has been stayed pending the outcome of this litigation.

was created, in part, to provide coverage for common-law indemnification to employers of injured workers]; 2 Steven Plitt et al., Couch on Insurance 3d § 31:49 [1995] ["(w)here the contract of insurance provides for liability to third persons, the insurer and the insured cannot terminate such a contract by their voluntary action to the prejudice of a claimants' rights which have already vested"]).

V

The problem with this appeal, however, lies not in the facts, but in the law under which plaintiffs seek remuneration from defendants and the shape in which plaintiffs have cast this action, and that segue brings us to the merits.  Plaintiffs did not move for summary judgment under any particular statute and, as noted, attack defendants under two theories:  the alleged violation of Business Corporation Law article 10, and the purported breach of defendants' fiduciary duty to plaintiffs to ensure that M&H's obligations were paid.  We conclude that neither theory has merit.

Turning first to the alleged violation of Business Corporation Law article 10, we note that Business Corporation Law § 1007 (a) provides that, at any time after dissolution, a "corporation *may* give a notice requiring all creditors and claimants . . . to present their claims in writing" (emphasis added).  The failure to provide such notice would allow a creditor with an unlitigated claim that preexisted dissolution to sue the dissolved corporation even after dissolution (*see* § 1006 [a] [4]; [b]; *see also Matter of Ford v Pulmosan Safety Equip. Corp.*, 52 AD3d 710, 711; *Stop-Fire, Inc. v Fire Equip. Mfg. Corp.*, 47 AD2d 591, 591-592).  Here, however, the Town's claim against M&H was the subject of litigation at the time of M&H's dissolution and thus could not be barred by the Business Corporation Law even if notice of the dissolution had been provided to plaintiffs by M&H (*see* § 1007 [b]).  Consequently, plaintiffs' contention with respect to the harm flowing from the defendants' alleged violation of the Business Corporation Law is of no moment.

We next turn to plaintiffs' allegation that defendants breached a fiduciary duty to plaintiffs in failing to ensure that M&H's obligations were paid upon its dissolution.  Plaintiffs' contention that defendants' refusal to ask for coverage for M&H under the SIF policy constitutes a failure to act in good faith, although almost certainly accurate, is likewise not actionable in this context.  Pursuant to Business Corporation Law § 715 (h), "[a]n officer shall perform his duties as an officer in good faith and with that degree of care with which an ordinarily prudent person in a like position would use under similar circumstances."  An action against an officer for misconduct, however, is circumscribed by Business Corporation Law § 720, which limits the relief available in such an action to an accounting (*see* § 720 [a] [1]), the setting aside of an unlawful conveyance, assignment or transfer of corporate assets (*see* § 720 [a] [2]), and the enjoinder of a proposed unlawful conveyance, assignment or transfer of corporate assets (*see* § 720 [a] [3]).  Indeed, Business Corporation Law § 720 "may not be utilized to obtain a money judgment in an action at law" (*Ali Baba Creations v Congress Textile Printers*,

41 AD2d 924, 924).  Inasmuch as plaintiffs' contentions concerning defendants' violation of Business Corporation Law article 10 and breach of fiduciary duty lack merit, we conclude that the court erred in granting that part of plaintiffs' motion with respect to defendants.

VI

Our inquiry, however, does not end at this juncture.  Plaintiffs correctly note that Business Corporation Law § 1008, which is entitled "[j]urisdiction of supreme court to supervise dissolution and liquidation," vests Supreme Court with broad powers to "make all such orders as it may deem proper in all matters in connection with the dissolution or the winding up of the affairs of the corporation" (§ 1008 [a]).  Included in those powers is the authority to "suspend or annul the dissolution or continue the liquidation of the corporation under the supervision of the court" (*id*.), as well as the ability to determine the validity of the dissolution (*see* § 1008 [a] [1]); to determine the validity of any claims presented against the corporation (*see* § 1008 [a] [3]); to determine the liability of an officer for the liabilities of the corporation (*see* § 1008 [a] [5]); and to make orders with respect to the payment, satisfaction or compromise of claims against the corporation (*see* § 1008 [a] [6]).

Moreover, "the court may at any stage of a case and on its own motion determine whether there is a nonjoinder of necessary parties" (*Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272, 282), and under the circumstances of this case M&H is a necessary party (*see* CPLR 1001 [a]; *see generally Matter of Jim Ludtka Sporting Goods, Inc. v City of Buffalo School Dist.*, 48 AD3d 1103, 1104, *lv denied* 11 NY3d 704).  We therefore remit the matter to Supreme Court to allow it to join M&H as a necessary party (*see* CPLR 1001 [b]; *cf.* CPLR 1003), convert the action to a special proceeding pursuant to Business Corporation Law § 1008 (*see* CPLR 103 [c]; *see also Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 653-654) and exercise its authority under that statute, which includes the power to force M&H to seek coverage from SIF with respect to the Town judgment (*see* Business Corporation Law § 1008 [a] [8]).

In view of our determination, and regardless of our sentiments with respect to the equities, we do not address the parties' remaining contentions, except to note that, for the reasons set forth herein, the court properly denied those parts of the Hilgers' cross motion seeking summary judgment dismissing the complaint against defendants.

VII

Accordingly, we conclude that the judgment should be modified by denying plaintiffs' motion in its entirety, and we remit the matter to

Supreme Court for further proceedings in accordance with this opinion.