# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

101

CA 13-00293

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

OFELIA RODRIGUEZ, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

MARIA I. COLON, DEFENDANT-RESPONDENT.

---

LOUIS ROSADO, BUFFALO, FOR PLAINTIFF-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Drury, J.), entered October 15, 2012. The judgment denied the motion of plaintiff to set aside a jury verdict or for a new trial and awarded money damages to plaintiff.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action, plaintiff appeals from a judgment denying her motion seeking to set aside the jury verdict in the amount of $10,000 and for a new trial. Plaintiff was a passenger in two separate motor vehicle accidents occurring on April 26 and August 1, 2007. Defendant was the driver of the vehicle involved in the April accident and conceded liability, and it was disclosed during the trial on damages that plaintiff settled her claim against the driver involved in the August accident. The jury determined that the injuries sustained by plaintiff in the April accident were distinguishable from the injuries she sustained in the August accident, and awarded plaintiff $10,000 for past pain and suffering only.

We are unable to review plaintiff's contention that she was denied the opportunity to question prospective jurors during voir dire and was therefore denied her right to a fair trial and an impartial jury. Voir dire was not transcribed, and plaintiff did not prepare a statement in lieu of stenographic transcript (*see* CPLR 5525 [d]). We conclude that plaintiff, as the appellant, must "suffer the consequences" of an incomplete appellate record where, as here, there are conflicting accounts of what occurred during voir dire (*Matter of Santoshia L.*, 202 AD2d 1027, 1028; *see generally Polyfusion Elecs., Inc. v AirSep Corp.*, 30 AD3d 984, 985).

Contrary to plaintiff's further contention, "the verdict is based

on a fair interpretation of the evidence" (*Latour v Hayner Hoyt Corp.* [appeal No. 2], 13 AD3d 1147, 1148; *see* CPLR 4404 [a]; *Kuncio v Millard Fillmore Hosp.*, 117 AD2d 975, 976, *lv denied* 68 NY2d 608). MRI scans of plaintiff's cervical and lumbar spine taken after each accident supported the jury's determination that the injuries sustained in the April accident were distinguishable from those sustained in the August accident (*cf. Reilly v Fulmer*, 9 AD3d 818, 819-820).  Furthermore, testimony and medical records presented at the trial on damages established that plaintiff had low back pain prior to the April accident, that she had a preexisting degenerative spinal condition that was exacerbated by her cigarette smoking and obesity, and that the pain in her neck and back was improving before the August accident.  "Given the conflicting experts' opinions and the plaintiff's subsequent accident[] and other conditions, it cannot be said that the damages award deviated materially from what would be reasonable compensation" (*Ballas v Occupational & Sports Medicine of Brookhaven, P.C.*, 46 AD3d 498, 498, *lv dismissed* 10 NY3d 803, *lv denied* 12 NY3d 702; *see* CPLR 5501 [c]; *Latour*, 13 AD3d at 1148-1149).

Entered:  March 21, 2014                          Frances E. Cafarell
                                                  Clerk of the Court