Clause v Globe Metallurgical, Inc. (2018 NY Slip Op 03005)





Clause v Globe Metallurgical, Inc.


2018 NY Slip Op 03005


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


494 CA 17-02147

[*1]CREEDON M. CLAUSE AND LISA CLAUSE, PLAINTIFFS-APPELLANTS,
v
GLOBE METALLURGICAL, INC., DEFENDANT-RESPONDENT. 






MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GOLDBERG SEGALLA LLP, BUFFALO (ALBERT J. D'AQUINO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 23, 2017. The order denied plaintiffs' motion for partial summary judgment on the issue of liability on their claims pursuant to Labor Law §§ 200 and 240 (1) and their common-law negligence cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by Creedon M. Clause (plaintiff) when a 600- to 800-pound copper contact shoe, which was being removed by defendant's employees from an industrial furnace at defendant's facility, fell a few feet from its position atop a shaft attached to a forklift and struck the metal platform upon which plaintiff was working, propelling him upward and then back onto the platform. Supreme Court denied plaintiffs' motion for partial summary judgment on the issue of liability on their claims pursuant to Labor Law §§ 200 and 240 (1) and their common-law negligence cause of action. We affirm.
As the proponents of the motion for partial summary judgment, plaintiffs were required to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Plaintiffs failed to meet that burden with respect to the Labor Law § 240 (1) claim. Contrary to plaintiffs' contention, defendant did not admit in its answer that plaintiff was engaged in protected activity under Labor Law § 240 (1). While activities such as repairing or altering a building or structure constitute protected activities under Labor Law § 240 (1), " [i]t is well settled that the statute does not apply to routine maintenance in a non-construction, non-renovation context' " (Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1415 [4th Dept 2011]; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]). Here, defendant merely admitted that it entered into a contract with plaintiff's employer for the performance at defendant's facility of certain undefined "construction work," which is not an enumerated activity (see § 240 [1]), and defendant's further denial of the material allegations of each claim is consistent with its submissions in opposition to plaintiffs' motion setting forth evidence that the work may have constituted routine maintenance that is not protected under the statute (see generally Armand Cerrone, Inc. v Sicoli & Massaro, 192 AD2d 1063, 1063 [4th Dept 1993]). Plaintiffs conceded at oral argument of this appeal that, if the admission in the answer did not establish that he was engaged in a protected activity, then there were issues of fact precluding summary judgment with respect to whether the work fell within the scope of the statute. We thus do not address the parties' further contentions on that issue.
Plaintiffs further contend that, even if there is an issue of fact whether Labor Law § 240 [*2](1) applies, the submissions establish as a matter of law that defendant's violation of the statute was a proximate cause of plaintiff's injuries, and we should grant their motion to that extent and limit the liability phase of the trial solely to the issue whether plaintiff was engaged in a protected activity (see CPLR 3212 [g]; Bissell v Town of Amherst, 6 AD3d 1229, 1230 [4th Dept 2004]). Inasmuch as plaintiffs seek such relief for the first time on appeal, we do not consider their contention (see Viera v WFJ Realty Corp., 140 AD3d 737, 739 [2d Dept 2016]; Wilk v Lewis & Lewis, P.C., 75 AD3d 1063, 1067 [4th Dept 2010]; cf. Bissell, 6 AD3d at 1230; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Finally, we conclude that the court properly denied those parts of plaintiffs' motion with respect to the Labor Law § 200 claim and common-law negligence cause of action (see generally Puricelli v Northstar Constr., Inc., 15 AD3d 856, 856-857 [4th Dept 2005]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court